# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | |
|---|---|
| United States of America | ) |
| v. | ) |
|  | ) Case No. GLR-14-0610 |
| Hiroshige Tanioka | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant's residence must be approved by the U.S. Pretrial Services Officer (USPTO) supervising the defendant's release and the defendant must advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed.

The defendant must appear at *(if blank, to be notified)* _____

_____ on _____
                                   Place

Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

[X] (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

[ ] (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of _____ dollars ($ _____ ) in the event of a failure to appear as required or surrender to serve any sentence imposed.

### ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community,

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

[ ] (7) The defendant is placed in the custody of (name of person or organization): _____
    at an address approved by the Pretrial Services Office.
    The defendant must not change that address without advance approval by the Pretrial Services Office who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____   _____   _____
        Custodian or Proxy                 Date                              Tel. No (only if above is an organization)

- [ ] (8) The defendant must:
  - [ ] (a) report to the _____
    telephone number _____, no later than _____
  - [ ] (b) report on a regular basis to the supervising officer. The defendant shall promptly obey all reasonable directions and instructions of the supervising officer.
  - [ ] (c) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
  - [ ] (d) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
  - [ ] (e) execute a bail bond with solvent sureties in the amount of $ _____ .
  - [ ] (f) maintain or actively seek employment as approved by the U.S. Pretrial Services Officer.
  - [ ] (g) maintain or commence an education program.
  - [ ] (h) surrender any passport to: ~~Clerk's Office within 24 hours.~~ _GLR_
  - [ ] (i) obtain no passport.
  - [x] (j) abide by the following restrictions on personal association, place of abode, or travel:
    Report any change in residence to the Court. Travel restricted to Japan and Continental United States.
  - [ ] (k) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:
  - [ ] (l) undergo medical or psychiatric treatment: _____
  - [ ] (m) abide by a curfew from _____ to _____
  - [ ] (n) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  - [ ] (o) refrain from possessing a firearm, destructive device, or other dangerous weapons.
  - [ ] (p) refrain from [ ] any [ ] excessive use of alcohol.
  - [ ] (q) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  - [ ] (r) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
  - [ ] (s) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
  - [ ] (t) submit to a location monitoring program
    - [ ] (i) as directed by the supervising officer; or
    - [ ] (ii) restricted to the residence except for employment, education, religious services, medical purposes, substance abuse testing/treatment, mental health treatment, attorney visits, court appearances, or other court ordered obligations; or
    - [ ] (iii) restricted to the residence except for medical purposes, court appearances, or other activities specifically approved by the court.
  - [ ] (u) Refrain from the use of computer systems, Internet-capable devices and/or similar electronic devices at any location (including employment or educational program) without the prior written approval of the U. S. Probation or Pretrial Services Officer. The defendant shall cooperate with the U.S. Probation and Pretrial Services Office monitoring of compliance with this condition. Cooperation shall include, but not be limited to, participating in a Computer & Internet Monitoring Program, identifying computer systems, Internet-capable devices and/or similar electronic devices the defendant has access to, allowing the installation of monitoring software/hardware at the defendant's expense, and permitting random, unannounced examinations of computer systems, Internet-capable devices and similar electronic devices under the defendant's control.
  - [ ] (v) _____
  - [ ] (w) _____

**ADVICE OF PENALTIES AND SANCTIONS**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of the Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

**Directions to the United States Marshal**

[X] The defendant is ORDERED released after processing.
[ ] The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: January 30, 2015

_____
*Judicial Officer's Signature*

George L. Russell
United States District Judge

*Printed name and title*